# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS A. HARRISON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:08CV40 DDN |
| JIM WELLS, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, an inmate at Pike County Jail, for leave to commence this action without payment of the required filing fee [Docs. #2 and #4]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee. The Court will not assess an initial partial filing fee at this time because plaintiff asserts that, despite repeated requests, he has not been able to attain a copy of his inmate account statement. Nonetheless, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Jim Wells (Sheriff, Pike County), Michael Starman (Deputy), Curt Mitchell (Pike County Commissioner), Roy Sisson (Pike County Commissioner), Carroll Chandler (Nurse), and Dan Miller (Pike County Commissioner).

Plaintiff alleges that he was arrested and transported to the Pike County Jail after being involved in a motor vehicle accident. He asserts that he suffered a head injury in the accident, which defendants failed to properly treat. Plaintiff claims that even though defendant Chandler examined him on several occasions after his incarceration, she failed to provide him with adequate treatment for his purported injuries. Plaintiff asserts that

he complained of this alleged lack of medical care to the County Commissioners and other individuals at the Sheriff's Department.

Plaintiff additionally asserts that defendant Wells is denying him access to the law library at the Pike County Jail. Plaintiff generally states that this is a denial of his due process rights.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality/entity is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality/entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

However, plaintiff's lawsuit would be subject to dismissal even if he had named defendants in their individual capacities.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Starman, Mitchell, Sisson, or Miller were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against these defendants.[1]

Nor has plaintiff alleged a meaningful denial of access to courts against defendant Wells. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff's claim that he was denied access to the law library, and hence access to the courts, is legally frivolous, because he

---

[1]To the extent plaintiff is seeking to hold defendant Wells liable for claims other than his purported denial of access to courts, these claims are also legally frivolous, as he cannot be held liable on a theory of respondeat superior.

has alleged no facts indicating that he was thereby prejudiced. See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991); Grady v. Wilken, 735 F.2d 303, 306 (8th Cir. 1984).

Lastly, plaintiff's claims of deliberate indifference to medical needs fail to state a claim for relief. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Vaughn v. Greene County, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (Eighth Amendment); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995) (same). In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Vaughn, 438 F.3d at 850. Plaintiff has failed to assert that defendants knew of, but disregarded, his allegedly serious medical needs. Rather, plaintiff admits that he has received medical treatment since his incarceration. Thus, plaintiff appears to be alleging nothing more than a disagreement with the treatment he has received. This fails to rise to the level of a constitutional violation. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (for a claim of deliberate

indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Docs. #2 and #4] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff is excused from paying an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th Day of September, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE